## Gerhard & Hey Co., Inc. v. United States

No. 5004.—Invoice dated Copenhagen, Denmark, December 23, 1938.
Certified January 3, 1939.
Entered at New York January 18, 1939.
Entry No. 788166.

(Decided September 19, 1940)

*Daniel P. McDonald* for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*William J. Vitale*, special attorney), for the defendant.

Keefe, Judge: This reappraisement involves the foreign or export value of certain hops exported from Gdynia, Poland, on January 3, 1939. The merchandise was invoiced upon the basis of a c. i. f. price, including duty under paragraph 780, Tariff Act of 1930, at the rate of 18 cents per pound. The hops were invoiced at the following prices: 5666.49 pounds at U. S. $56 per 100 pounds; 2853.44 pounds at U. S. $54 per 100 pounds; and 2835.42 pounds at U. S. $50 per 100 pounds. On entry the importer deducted the nondutiable included charges and the customs duty at 18 cents per pound. The appraiser found the value of the merchandise to be 26½ cents per pound net packed.

Paragraph 780 of the Tariff Act of 1930 under which the merchandise is dutiable provides for a duty of 24 cents per pound. Under the reciprocal trade agreement between the United States and Czechoslovakia (T. D. 49458), applicable to the merchandise herein, the

tariff rate was modified so the duty upon hops valued at more than 30 cents per pound would be reduced to 18 cents per pound.

After deducting the invoice prorated charges and the duty at 18 cents per pound, included therein, the *per se* value of the merchandise is found to be as follows: The hops invoiced at $50 per 100 pounds, 29 cents per pound; at $54 per 100 pounds, 33 cents per pound; and at $56 per 100 pounds, 35 cents per pound. The appraised price of 26½ cents per pound, although lower than the entered value, resulted in an advance in the rate of duty from 18 cents to 24 cents per pound, and a demand was made by the collector for the payment of the additional duties of $681.31, as a result of such advance in rate.

At the trial an affidavit of the shipper was admitted in evidence. It is established therein that certain sales for home consumption were made for the year 1938 from January 10 to November 9. All of these sales were at prices under 30 cents per pound except the sale made upon October 4, 7584 kilos having been sold at a price equal to $0.3154 per pound. Certain sales for export are also quoted in the affidavit, the first being at a price of $48 per 100 pounds, c. i. f., including duty, which, after deducting the c. i. f. charges noted in the affidavit and the duty of 18 cents per pound, is equal to a *per se* price of 24.6 cents per pound. The other sales are at the identical prices and quantities of the merchandise under consideration, two of which represent *per se* prices of more than 30 cents per pound.

The shipper further states in the affidavit as follows:

That the prices at which deponent sold the four shipments of Hops for export to the United States represented the wholesale market for Hops of such quality as of December 22, 1938.

That Hops of the same quality as sold by deponent for export to the United States, mentioned in paragraph (9) hereof, were freely offered for sale for export to countries other than the United States, *at prices equal to or less than the prices at which the same merchandise was sold by deponent for export to the United States.* [Italics not quoted.]

The sales mentioned in paragraph (9) of the affidavit were home consumption sales discussed above. Therefore, out of all of the sales for home consumption or for export, only three were at prices greater than 30 cents per pound, and by the affiant's own statement sales for export to other countries than the United States were made at prices equal to or less than the prices at which the hops were sold to the plaintiff.

The import manager of the plaintiff testified that three of the items mentioned in the affidavit as shipments for export were the identical items here in question and therefore may not be regarded as similar sales for export to the United States. Therefore, out of all of the sales of similar merchandise submitted by the plaintiff, there

is only one sale made for home consumption which is at a price greater than 30 cents per pound.

Upon consideration of all of the evidence I fail to find anything sufficient to overcome the presumption of correctness of the appraiser's finding of value of 26½ cents per pound net packed. Judgment will be entered in favor of the Government.